FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 11 2002 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LYNETTE FIELDS-SANDY as Administratrix of the
Estate of JOSEPH FIELDS, Deceased.

                              Plaintiff,

    - against -

COUNTY OF SUFFOLK, SUFFOLK COUNTY
POLICE DEPARTMENT, JOHN GALLAGHER,
COMMISSIONER OF THE SUFFOLK COUNTY
POLICE DEPARTMENT, P.O. TONY GONZALEZ,
P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH,
P.O. FRANK FAIVRE, P.O. MARK LAZINA,
P.O. KEVIN BURKE, P.O. ROBERT DITO,
P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING
and P.O.s "JOHN DOE 1", "JOHN DOE 2" and "JOHN
DOE 3",

                              Defendants.
-----------------------------------------------------------------X

(S.I.)

COMPLAINT
JURY TRIAL DEMANDED

CV-02 3399

SEYBERT, J.
WALL, M.J.

## INTRODUCTORY STATEMENT

**FIRST:**    This is a civil action against JOHN GALLAGHER, COMMISSIONER OF THE SUFFOLK COUNTY POLICE DEPARTMENT, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s "JOHN DOE 1", "JOHN DOE 2" and "JOHN DOE 3", employees of the SUFFOLK COUNTY POLICE DEPARTMENT, against the SUFFOLK COUNTY POLICE DEPARTMENT and against the COUNTY OF SUFFOLK as the employer of the police personnel, which is being sued as a person under 42 U.S.C. §1983, for monetary relief for damages sustained by the Plaintiff, seeking to redress the deprivation under color of the state law of the rights, privileges and immunities secured by the United States Constitution and the Amendments thereto and the laws of the United States.

## JURISDICTION

**SECOND:** This action arises under the United States Constitution, in particular, the Fourth and Fourteenth Amendments thereto, and under the laws of the United States, in particular, the Civil Rights Act of 1870, Title 42 United States Code, §1981, 1983, et seq. and 1988.

**THIRD:** Jurisdiction is based on Title 28 United States Code, §1331 and §1343.

**FOURTH:** The Plaintiff hereby demands a trial by jury.

## PARTIES

**FIFTH:** The Plaintiff is a resident of the County of Suffolk, currently residing at 57 Wintergreen Drive, Coram, New York and at all times relevant to the allegations of this Complaint the Plaintiff Decedent was a resident of the County of Suffolk, residing at 31 New Comb Trail, Ridge, New York and a citizen of the United States.

**SIXTH:** At all times relevant hereto, the Plaintiff, LYNETTE FIELDS-SANDY, was the sister of the Plaintiff Decedent, JOSEPH FIELDS.

**SEVENTH:** At all times relevant hereto, the Defendants, JOHN GALLAGHER, COMMISSIONER OF THE SUFFOLK COUNTY POLICE DEPARTMENT, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s "JOHN DOE 1", "JOHN DOE 2" and "JOHN DOE 3", were employees, agents and/or servants of the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and the COUNTY OF SUFFOLK. "JOHN DOE 1", "JOHN DOE 2" and "JOHN

DOE 3" are fictitious names used to designate parties not presently known to the Plaintiff. They are sued individually and in their official capacity.

**EIGHTH:** At all times relevant hereto, the Defendant, JOHN GALLAGHER, was the duly appointed Commissioner of the SUFFOLK COUNTY POLICE DEPARTMENT. As such, he was the commanding officer of Defendants, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s "JOHN DOE 1", "JOHN DOE 2" and "JOHN DOE 3", and was responsible for their training, supervision and conduct. He was also responsible by law for enforcing the rules and regulations of the SUFFOLK COUNTY POLICE DEPARTMENT and for ensuring that SUFFOLK COUNTY POLICE personnel obey the laws of the State of New York and of the United States. At all relevant times, he was acting in such a capacity as the agent, servant and/or employee of the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK. He is sued individually and in his official capacity.

**NINTH:** At all relevant times, the Defendant, P.O. "JOHN DOE 3" was the supervisor of "JOHN DOE 1", "JOHN DOE 2", P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI and P.O. EDWARD IRVING, and, as such, was responsible for their training, supervision and conduct and for ensuring that SUFFOLK COUNTY POLICE personnel obey the laws of the State of New York and of the United States. At all relevant times, he was acting in such a capacity as the agent, servant and/or employee of the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and the COUNTY OF SUFFOLK. He is sued individually and in his official capacity.

**TENTH:** At all relevant times the Defendant, COUNTY OF SUFFOLK, was a municipal corporation within the State of New York and employed the Defendants, JOHN GALLAGHER, COMMISSIONER OF THE SUFFOLK COUNTY POLICE DEPARTMENT, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s "JOHN DOE 1", "JOHN DOE 2" and "JOHN DOE 3",

**ELEVENTH:** At all times relevant, the Defendant, SUFFOLK COUNTY POLICE DEPARTMENT, was an agency of the Defendant, COUNTY OF SUFFOLK, and employed the Defendants, JOHN GALLAGHER, COMMISSIONER OF THE SUFFOLK COUNTY POLICE DEPARTMENT, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s "JOHN DOE 1", "JOHN DOE 2" and "JOHN DOE 3".

**TWELFTH:** At all relevant times and in all actions and conduct described herein, the Defendants, JOHN GALLAGHER, COMMISSIONER OF THE SUFFOLK COUNTY POLICE DEPARTMENT, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s "JOHN DOE 1", "JOHN DOE 2" and "JOHN DOE 3", were acting under color of law and pursuant to their authority as police personnel.

**THIRTEENTH:** The Plaintiff Decedent, JOSEPH FIELDS, at the time of the occurrence, resided at 31 New Comb Trail, Ridge, New York.

**FOURTEENTH:** The Plaintiff Decedent, JOSEPH FIELDS, on or about March 20, 2001 at or about 8:00 p.m., was lawfully at his residence at 31 New Comb Trail, Ridge, New York.

**FIFTEENTH:** On or about March 20, 2001 at or about 8:00 p.m., the Defendants, JOHN GALLAGHER, COMMISSIONER OF THE SUFFOLK COUNTY POLICE DEPARTMENT, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s "JOHN DOE 1", "JOHN DOE 2" and "JOHN DOE 3", did falsely, wrongly and maliciously arrest the Plaintiff Decedent without probable cause when they, with force of arms, forcibly and violently laid hold of the Plaintiff Decedent in an attempt to place him under arrest.

**SIXTEENTH:** On or about March 20, 2001 at or about 8:00 p.m., the Defendants, JOHN GALLAGHER, COMMISSIONER OF THE SUFFOLK COUNTY POLICE DEPARTMENT, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s "JOHN DOE 1", "JOHN DOE 2" and "JOHN DOE 3", unlawfully entered the residence of the Plaintiff Decedent, JOSEPH FIELDS, performed an unlawful search therein and caused the wrongful death of Plaintiff Decedent, JOSEPH FIELDS.

**SEVENTEENTH:** In the course of placing the Plaintiff Decedent, JOSEPH FIELDS, under arrest, the Defendants, JOHN GALLAGHER, COMMISSIONER OF THE SUFFOLK COUNTY POLICE DEPARTMENT, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s

"JOHN DOE 1", "JOHN DOE 2" and "JOHN DOE 3", used excessive force and did assault and batter the Plaintiff Decedent, causing him to sustain serious personal injuries and ultimately his untimely demise.

**EIGHTEENTH:** That the Plaintiff Decedent's home was surrounded by Defendants, who were utilizing heavy weapons and smoke bombs, thereby restraining Plaintiff Decedent and confining/detaining him in said house and depriving him of his liberty.

**NINETEENTH:** The actions of the Defendants were committed with the intention to restrain and confine the Plaintiff Decedent without his consent. The Plaintiff Decedent was at all times conscious of their confinement. The siege of Plaintiff Decedent's residence, assault of Plaintiff Decedent and ultimately his wrongful death were not justified by probable cause or other legal privilege.

**TWENTIETH:** The Defendants, JOHN GALLAGHER, COMMISSIONER OF THE SUFFOLK COUNTY POLICE DEPARTMENT, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s "JOHN DOE 1", "JOHN DOE 2" and "JOHN DOE 3", knew, or should have known, that no probable cause existed to justify the assault, siege and wrongful death of the Plaintiff Decedent, JOSEPH FIELDS.

**TWENTY-FIRST:** At all relevant times, the Defendant, P.O. "JOHN DOE 3", supervisor of the Defendants, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s "JOHN DOE 1" and "JOHN DOE 2", failed to properly train the Defendants, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O.

KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s "JOHN DOE 1" and "JOHN DOE 2" in the proper and prudent use of force and did authorize, tolerate, condone and facilitate the conduct of the Defendants, JOHN GALLAGHER, COMMISSIONER OF THE SUFFOLK COUNTY POLICE DEPARTMENT, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s "JOHN DOE 1" and "JOHN DOE 2".

**TWENTY-SECOND:** The conduct exhibited by the Defendants, JOHN GALLAGHER, COMMISSIONER OF THE SUFFOLK COUNTY POLICE DEPARTMENT, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s "JOHN DOE 1", "JOHN DOE 2" and "JOHN DOE 3" were institutionalized practice and/or custom of the Defendants, SUFFOLK COUNTY POLICE DEPARTMENT and COUNTY OF SUFFOLK.

**TWENTY-THIRD:** The Defendants, SUFFOLK COUNTY POLICE DEPARTMENT, COUNTY OF SUFFOLK and JOHN GALLAGHER, COMMISSIONER OF THE SUFFOLK COUNTY POLICE DEPARTMENT, authorized, tolerated and facilitated as institutionalized practices, and ratified the misconduct hereinbefore described by failing to properly supervise, restrict, train, manage and control police personnel including the Defendants, P.O. TONY GONZALEZ, P.O. GENE MILHIT, P.O. JOSEPH HAUSWIRTH, P.O. FRANK FAIVRE, P.O. MARK LAZINA, P.O. KEVIN BURKE, P.O. ROBERT DITO, P.O. GLENN BUKOWSKI, P.O. EDWARD IRVING and P.O.s "JOHN DOE 1", "JOHN DOE 2" and "JOHN DOE 3".

## FEDERAL CAUSES OF ACTION

**TWENTY-FOURTH:** The allegations set forth in paragraphs numbered "FIRST" through "TWENTY-THIRD" are repeated, realleged and incorporated herein by reference.

**TWENTY-FIFTH:** By reason of the conduct hereinabove described, the false and malicious arrest, siege, detention, assault, imprisonment and wrongful death of the Plaintiff Decedent, JOSEPH FIELDS, engaged in under color of state authority, the Plaintiff Decedent, was deprived of his liberty and was subjected to great physical pain, mental anguish, suffering and ultimately death. By reason of the use of excessive force and the assault and battery and wrongful death of Plaintiff Decedent, JOSEPH FIELDS, the Plaintiff, LYNETTE FIELDS-SANDY, was caused to sustain great emotional pain and incur funeral and burial expenses.

**TWENTY-SIXTH:** The actions hereinabove described, engaged in under color of state authority by the Defendants including the Defendant, COUNTY OF SUFFOLK, sued as a person, responsible because of its authorization, condonation, facilitation and ratification thereof of the acts of its agents, servants and/or employees, deprived the Plaintiff Decedent of rights secured to him by the Constitution of the United States including, but not limited to, his Fourth Amendment right to be free from unreasonable search and seizure and his Fourteenth Amendment right to due process of law.

## PENDENT CAUSES OF ACTION

**TWENTY-SEVENTH:** The allegations set forth in paragraphs numbered "FIRST" through "TWENTY-SIXTH" are repeated, realleged and incorporated herein by reference.

**TWENTY-EIGHTH:** Heretofore on or about June 11, 2001, the Plaintiff caused a written verified Notice of Claim to be filed with and served upon the proper officers, agents and

employees of the Defendant, COUNTY OF SUFFOLK, pursuant to the statutes in such cases made and provided.

**TWENTY-NINTH:** That more than thirty (30) days have elapsed since the service of such Notice of Claim, and adjustment or payment thereof has been neglected or refused.

**THIRTIETH:** The acts and conduct hereinbefore alleged constitute false arrest and imprisonment, unreasonable search and seizure, brutality, use of excessive force, negligence, gross negligence and wrongful death under the laws of the State of New York. This Court has pendent jurisdiction to hear and adjudicate these claims.

**WHEREFORE**, the Plaintiff, LYNETTE FIELDS-SANDY, demands judgment against the Defendants, jointly and severally, as follows:

a. as compensatory damages, the sum of TEN MILLION ($10,000,000) DOLLARS;

b. as punitive damages, the sum of TEN MILLION ($10,000,000) DOLLARS;

c. the costs and disbursements of this action;

d. all attorneys fees incurred in prosecuting this action pursuant to 42 U.S.C. §1988;

e. such other and further relief as to this Court seems just and proper.

Dated: Carle Place, New York
June 11, 2002

Yours, etc.,

_____
ALAN M. SANDERS, ESQ.
ONE OLD COUNTRY ROAD, STE. 497
CARLE PLACE, NEW YORK 11514
(516)742-6400
AS 8938